UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DOMINICK GIAMPAOLO,

        Plaintiff,

v.            Case No. 1:08-cv-1242

JOSEPH LOFTUS ET AL.,

        Defendants.

MEMORANDUM OPINION AND ORDER

INTRODUCTION

Before the court are the defendants, Roger Walker Jr, Melody Ford, Jackie Miller and Mary Miller's motion for summary judgment [64] and the plaintiff's response [66] respectively. The plaintiff Dominick Giampaolo, pro se, has submitted a complaint under 42 U.S.C. § 1983 against defendants Joseph Loftus, et al. Plaintiff alleges 1) defendants' deliberate indifference to plaintiff's serious medical needs; 2) an unconstitutional 21/2 cell time policy, 3) a lack of cleaning supplies; and 4) inadequate clothing. Plaintiff alleges defendants violated his rights under the Eighth and the Fourteenth Amendments to the United States Constitution.

The defendants, Roger Walker Jr, Melody Ford, Jackie Miller and Mary Miller's , by their attorney Ryan Nelson, have moved the court for an order granting summary judgment in favor of the defendant. The defendants argue that the plaintiff has failed to exhaust the administrative remedies available to him before filing this lawsuit.

SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ.P. 56(c). An issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether there are any genuine issues of material fact, the court must draw all inferences in the light most favorable to the non-movant. *Bartman v. Allis-Chalmers Corp.*, 799 F.2d 311, 312 (7th Cir.1986). Yet not every conceivable inference must be drawn, only reasonable inferences. *Id. at* 312-13 (7th Cir.1986).

The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a

genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may discharge this burden by "showing . . . an absence of evidence to support the nonmoving party's case." *Id.*, 477 U.S. at 325. When the moving party has met the burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250. In determining whether the nonmovant has identified a "material" issue of fact for trial, "[o]nly dispute[s] that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996). A court must enter summary judgment against the plaintiff when the plaintiff fails to come forward with evidence that would reasonably permit a finder of fact to find in plaintiff's favor on a material question. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

## ALLEGATIONS

The complaint brought before the court is in regards to the Defendants' alleged deliberate indifference to Plaintiff's medical needs and inhumane conditions of confinement in violations of Plaintiff's Eighth Amendment rights, that were complained about in the grievances but not corrected. Plaintiff Dominick Giampaolo, an inmate at Danville Correctional Center alleges that he has several missing dental fillings, chronic arthritic pain in his left knee, varicose veins, and back pain. He further alleges that he was denied a lower bunk permit, knee brace and support hose. The plaintiff claims that Roger Walker, Melody Ford, Wexford Health Services, Inc., Dr. Ameji, Dr. LNU (John Doe) and Mary Miller were deliberately indifferent to his serious medical needs. Plaintiff further alleges that Roger Walker, Melody Ford and John Does 1-3 subjected him to inhuman conditions of confinement. Specifically he alleges an unconstitutional 21/3 cell time policy, 2) a lack of cleaning supplies; and 3) inadequate clothing.

## FACTS

### Undisputed Facts

1. On September 22, 2008, Plaintiff filed his complaint. [1]
2. The court conducted a merit review of Plaintiff's complaint on October 20, 2008, and held that the Plaintiff could proceed on his claims of deliberate indifference to his serious medical needs. [4]
3. The soy related portion of Plaintiff's indifference claim was later consolidated with case number 07-3225. *See* text order entered February 12, 2009.
4. On April 10, 2009, the court took another look at the Plaintiff's Complaint and held that in addition to Plaintiff's deliberate indifference to serious medical needs claim, he could also proceed on his inhumane conditions of confinement claim. *See* text order entered April 10, 2009.

5. Terri Anderson is Manager of the ARB, which handles appeals of inmate grievance on

the Director's behalf.[1]

Disputed Facts

1. The Administrative Review Board conducted a search of its records, and found that Plaintiff did not timely file any grievance in accordance with departmental rule 504, naming Defendants Roger Walker, Melody Ford, Jackie Miller, or Mary Miller, in regard to the issues presented in Plaintiff's Complaint. *See* Plaintiff's Exhibits C, D-1, D-2, F, and H) [74] and Defendants' Exhibit C [65].

DISCUSSION AND CONCLUSION

The Defendants, Roger Walker, Jr, Melody Ford, Jackie Miller and Mary Miller argue that the court should enter summary judgment in favor of the defendant and against the plaintiff, Giampaolo because plaintiff failed to exhaust the administrative remedies available to him as required by the Prison Litigation Reform Act.

The Prison Litigation Reform Act ("PLRA") states that "no action shall be brought with respect to prison conditions under Section 1983... by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (West 2002). Prisoner exhaustion of administrative remedies is a mandatory precondition to a prisoner filing a lawsuit under 42 U.S.C. § 1983 in regards to prisoner conditions (42 U.S.C. § 1997 e(a)). *Porter v. Nussle*, 534 U.S. 516   However, this circuit has made clear that failure to exhaust administrative remedies "is an affirmative defense that the defendants have the burden of pleading and proving." *Dale v. Lippin*, 376 F.3d 652, 655 (7th Cir. 2004).

A. Deliberate Indifference to Serious Medical Needs

In Defendants' motion for summary judgement, Defendants argue that because plaintiff's July 23, 2007 grievance complaining of knee pain, back pain, varicose veins, and dental needs did not explicitly name defendants Roger Walker, Melody Ford, Mary Miller or Jackie Miller, the grievance is deficient.  As to defendants Roger Walker, Melody Ford, and Mary Miller the court finds that Plaintiff properly exhausted administrative remedies available to him and the Defendants were put on notice of Plaintiff's medical needs.  Plaintiff properly grieved his knee pain, back pain, varicose veins, and dental needs to his counselor on July 23, 2007.  See Defendants' Exhibit B [65].  That grievance was denied.  Mary Miller wrote a letter dated August 9, 2007 in response to the grievance officer's inquiry stating, among other things, that Plaintiff could go to dental sick call if he wanted, however, "dental services would not be provided until a dentist is hired on site." *See* Plaintiff's Exhibit I-1 attached to his complaint [1].

---

[1]The Plaintiff disputes this fact, however, based on this court's long history of presiding over prisoner's litigation, the court takes judicial notice that Terri Anderson is the Manager of the ARB.

On August 17, 2007, the Grievance Officer and Chief Administrative Officer both denied Plaintiff's appeal quoting directly from Defendant Ms. M. Miller's August 9, 2007 letter. Plaintiff's grievance was ultimately denied by Defendants Roger Walker and Melody Ford on January 18, 2008. (Plaintiff's Exhibit H) [74]. Prisoners are not required to grieve against those who may deny their grievance in the future. Further the court notes that the grievance process shall **not** be utilized for complaints regarding... decisions that have been rendered by the director." 20 Ill. Admin. Code § 504.810 (a) [74] (emphasis added). The court also notes at the relevant period of the plaintiff's complaint, Roger Walker was the Director of IDOC. The court finds that the defendants, Roger Walker, Melody Ford  Mary Miller were involved in the grievance process and therefore, the plaintiff has exhausted his administrative remedies against each of these defendants.

B.  21/3 Policy, Lack of Cleaning Supplies, and Inadequate Clothing

Plaintiff's inhumane conditions of confinement claim is against Roger Walker, Melody Ford and John Does 1-3. In Defendants' motion for summary judgement, the Defendants rest on their previous argument that Plaintiff failed to exhaust administrative remedies against these defendants because the plaintiff did not name them in the grievance. In Plaintiff's December 1, 2007[2] grievance, Plaintiff complained about dietary concerns, the 21/3 cell time policy, a lack of adequate clothing, and a lack of cleaning supplies. *See* Defendants' Exhibit C attached to Defendants' memorandum of law [65]. In this grievance Plaintiff explicitly names Defendant Mary Miller, contrary to the pleadings in the Defendants' motion for summary judgment. The plaintiff mentions Mary Miller's name under "Issue V - Cleaning Supplies". Plaintiff's appeal was denied throughout the entire appeal process until it reach the last and final stage, where it was denied by defendants Roger Walker and Melody Ford. *See* Defendants' Exhibit C [65]. Therefore, the court finds the plaintiff has exhausted administrative remedies for his claim of inhumane conditions of confinement against Roger Walker, Mary Miller and Melody Ford.

The court notes that the only claims raised against Jackie Miller related to the soy claims. The soy claim is no longer a part of this case as it was consolidated with *Harris v. Brown*, 07-3225. Therefore, sua sponte, the court terminates Jackie Miller in the instant lawsuit.

It is therefore ordered:

1. Pursuant to 42 U.S.C. § 1997e(g) the Defendants' motion for summary judgement [64] based on failure to exhaust administrative remedies against Defendants, R. Walker, Melody Ford and Mary Miller is denied.

2. As there are no remaining claims in this lawsuit against Jackie Miller, she is terminated

---

[2]Defendants referred to the December 1, 2007 grievance as the December 15, 2007. However, the court notes the plaintiff signed the grievance on December 3, 2007; the counselor signed it on December 6, 2007; and it appears that the correct date of the grievance is actually December 1, 2007.

as a defendant in this case.  The clerk of the court is directed to terminate Jackie Miller, forthwith.

Enter this 22nd day of July, 2009.

**s\Harold A. Baker**

_____
Harold A. Baker
United States District Judge